IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL DOUGLAS RACHAL, SR.,** | § | |
| Plaintiff, | § | CA No. _____ |
| | § | |
| v. | § | |
| | § | JURY DEMANDED |
| **NORAM DRILLING COMPANY,** | § | |
| Defendant. | § | |
| | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### 1.  PRELIMINARY STATEMENT

1.1.    Plaintiff demands a jury for any and all issues triable to a jury.  This action seeks compensatory, liquidated and actual/economic damages; and costs and attorney's fees for the claims suffered by Plaintiff, MICHAEL DOUGLAS RACHAL, SR. ("Plaintiff"**),** due to NORAM DRILLING COMPANY (referred to herein as "Defendant" or "NorAm") taking adverse employment action against him ultimately resulting in the wrongful termination of his employment as explained herein.

1.2    This action arises under the Title VII of the Civil Rights Act of 1964 (Title VII) and the TCHRA, Section 21 of the Texas Labor Code, as amended.

### 2.  JURISDICTION

2.1.    Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331.

2.2.    Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP.

2.3.    Compensatory damages may be awarded pursuant to 42 U.S.C. § 198la(a)(1) and 42 U.S.C. § 198la(a)(2)(b)(1).

2.4.    Punitive damages may be awarded pursuant to 42 U.S.C. § 1981a(a)(1) and 42 U.S.C. § 1981a(a)(2)(b)(1).

### 3.  VENUE

3.1.    Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because at all times relevant to this cause of action, Defendant resided in this judicial district, maintaining its principal place of business.

### 4.  PARTIES

4.1.    Plaintiff is a former employee of Defendant and resides in Many, Sabine Parish, Louisiana.

4.2.    Defendant NORAM DRILLING COMPANY is an employer qualified to do business in Texas and employs more than 50 regular employees.  Defendant NORAM DRILLING COMPANY is a corporation incorporated under the laws of the State of Texas and may be served via its registered agent, Marty Jimmerson at 8400 N. Sam Houston Parkway West, #120, Houston, Texas 77064.

### 5.  STATEMENT OF FACTS

5.1    Plaintiff worked as a floor-hand for Defendant from November 2017 until he was terminated on January 29, 2020.

5.2    During Plaintiff's employment with Defendant, mud engineer, Matthew Upchurch, called Plaintiff a "nigger" twice in front of the rig manager Chris Godeaux.  No action was taken to address such discriminatory, offensive language.

5.3    The second incident occurred one night while Plaintiff was sitting in the crew trailer and John Raborn made a statement using the word "nigger."  Again, the rig manager was

present along with driller, William Mitchell.  Once again, Plaintiff was rightfully offended as an African American employee of Defendant and no remedial action was taken.

5.4    Again, about two (2) weeks after Plaintiff was transferred to Rig 32.  Plaintiff was called a "nigger" again by Trent, third party solid control.  Shae Mason, a NorAm floor-hand was also present.

5.5    At this point, Plaintiff could no longer take the blatant racial discrimination that repeatedly occurred and was not addressed by supervisors/managers.  Plaintiff was emotionally and mentally effected by having to work in an environment where offensive and hurtful racial slurs were being used towards him and around him.

5.6    On December 13, 2019, Plaintiff called NorAm's corporate office and spoke to Phyllis Howe, NorAm's then HR representative.  Plaintiff stated that on multiple occasions, he was called a "nigger."  His supervisors were present when this deplorable discrimination took place and did nothing about it.

5.7    Just a month and a half later, Plaintiff was accused of not performing his job and terminated on January 29, 2020.

5.8     One of the individuals involved in making the decision to terminate Plaintiff was the Superintendent whose nephew made one of the racially discriminatory comments (calling/referring to Plaintiff using the word "nigger").

## 6.    CONDITIONS PRECEDENT

6.1    All conditions precedent to jurisdiction have occurred or been complied with.

6.2    Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

6.3     This lawsuit was filed within ninety (90) days of Plaintiff receiving his Notice of Right to Sue from the EEOC.

## 7.     CAUSES OF ACTION

### *Race Discrimination*
### *(Title VII and the TCHRA/Texas Labor Code)*

7.1     Plaintiff incorporates by reference each of the facts and allegations set forth above as if fully set forth herein.

7.2     Plaintiff is a member of a protected class under Title VII based on his race (African American).

7.3     Plaintiff suffered adverse employment actions when his employment was terminated.

7.4     Plaintiff was replaced by someone outside his protected class and/or was treated less favorably than similarly situated employees outside of his protected class.

7.5     Plaintiff has suffered economic harm as well as compensatory damages due to Defendant's violation of Title VII and the TCHRA in wrongfully and discriminatorily terminating his employment.

### *Retaliation*
### *(Title VII and the TCHRA/Texas Labor Code)*

7.6     Plaintiff incorporates by reference each of the facts and allegations set forth above as if fully set forth herein.

7.7     Plaintiff engaged in protected activity when he made internal complaints to Defendant about race discrimination, including but not limited to that he was called a "nigger" at work on multiple occasions, in the presence of management and no remedial or corrective action was taken.

7.8     Plaintiff was terminated less than two months after engaging in protected activity.

7.9     Plaintiff suffered an adverse action causally related to his engaging in protected activity when his employment was terminated.

7.10    Plaintiff has suffered economic harm as well as compensatory damages due to Defendant's violation of Title VII and the TCHRA in wrongfully and discriminatorily terminating his employment.

## 8.     <u>PRAYER</u>

8.1     WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

8.1.1   Award Plaintiff actual damages;

8.1.2   Order Defendant to pay Plaintiff back pay and front pay and benefits;

8.1.3   Award Plaintiff compensatory damages for mental anguish;

8.1.4   Award Plaintiff punitive damages to be determined by the trier of fact;

8.1.5   Grant Plaintiff pre-judgment and post-judgment interest;

8.1.6   Order Defendant to pay Plaintiff's costs and attorney's fees in this action; and,

8.1.7   Order and grant such other relief as is proper and just.

Respectfully Submitted,

***/s/ Jacques P. Leeds***
Jacques P. Leeds
Fed ID # 2526879
State Bar No. 24092678 Tracey
D. Lewis
Fed ID # 212007
State Bar No. 24090230
**LEEDS LAW FIRM, PLLC**
700 Milam Street, Suite 1300
Houston, TX 77002 Telephone:
713-492-2906 Facsimile:
832-787-1020
jacques@jleedslawfirm.com
tracey@jleedslawfirm.com
Attorneys for Plaintiff